9065/SHV

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Sea Trade International, Inc.
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATSUOKA REIZO CO., LTD., <br><br> Plaintiff, <br><br> - against - <br><br> SEA TRADE INTERNATIONAL, INC. and CHINA OCEAN SHIPPING CO., LTD. <br><br> Defendants. | 07 CV 10297 <br><br> **ANSWER WITH CROSS CLAIM** |

Defendant Sea Trade International, Inc. by its attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP (hereinafter "Sea Trade") answers the Complaint of Plaintiff with civil number 07 CV 10297 as follows:

1. Admits this is an admiralty or maritime claim within the meaning of Rule 9 (h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court and except where specifically admitted, denies each and every allegation contained in Paragraph FIRST of Plaintiff's Complaint.

2. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph SECOND of Plaintiff's Complaint.

3. Admits Sea Trade is a corporation existing under the laws of one of the States of the united States and except where specifically admitted, denies each and every allegation contained in paragraph THIRD of Plaintiff's Complaint. Further, Sea Trade is not required to respond to allegations directed to any other party; to the extent that the remaining allegations are somehow construed to contain any allegations or assertions of liability directed at Sea Trade, said allegations or assertions are specifically denied.

4. Denies each and every allegation contained in paragraph FOURTH of Plaintiff's Complaint.

5. Admits on or about the date of February 4, 2007 and at the port of shipment a sealed container was shipped by the shipper and accepted by COSCO in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to the port of destination and except where specifically admitted, denies each and every allegation contained in paragraph FIFTH of Plaintiff's Complaint. Further, Sea Trade is not required to respond to allegations directed to any other party; to the extent that the remaining allegations are somehow construed to contain any allegations or assertions of liability directed at Sea Trade, said allegations or assertions are specifically denied.

6. Admits the vessel arrived at the port of destination and Defendants made delivery of the sealed container and except were specifically admitted, denies each and every allegation contained in paragraph SIXTH of Plaintiff's Complaint. Further, Sea Trade is not required to respond to allegations directed to any other party; to the extent that the remaining allegations are somehow construed to contain any allegations or assertions of liability directed at Sea Trade, said allegations or assertions are specifically denied.

7. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph SEVENTH of Plaintiff's Complaint.

8. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph EIGHTH of Plaintiff's Complaint.

9. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph NINTH of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

10. That the said shipment as described in Plaintiff's Complaint is subject to all the terms, conditions and exceptions contained in certain bills of lading then there issued, by which the shippers and consignees of said bills of lading agree to be and are bound.

11. Said shipment was transported on said vessel subject to the contractual terms and conditions of the aforesaid bills of lading.

12. Any shortage, loss and/or damage to the shipment in suit which Defendant specifically denies was due to causes for which the defendant is not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act, ("COGSA") approved April 16, 1936, and/or Harter Act, and/or the provisions of the said bills of lading and/or the General Maritime Law and/or applicable foreign law.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

13. Due diligence was exercised on the part of the carrier to make the vessels and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

### THIRD AFFIRMATIVE DEFENSE

14. That if the good in suit were damaged, which is denied, the damage was proximately caused by insufficiency of packaging or inadequacy of marks, for which the Senator Lines is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. §1304(2)(o), and (n), and by the terms of the contract of carriage.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

15. That if the goods in suit were damaged, which is denied, the damage was proximately caused by inherent vice, defect or quality of the goods in suit, for which the Senator Lines is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. §1304(2)(m), and by the terms of the contract of carriage.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

16. Plaintiff has failed to properly and fully mitigate its damages in its Amended Complaint.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

17. That if the goods in suit were damaged, which is denied, the damage was proximately caused by an act or omission of the shipper, for which the Senator Lines is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. §1304(2)(i), and by the terms of the contract of carriage.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

18. That the venue of this matter is improperly placed in this District.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

19. That if the good in suit were lost and/or damaged, which is denied, said loss and/or damage was caused in whole or in part by the contributory negligence of the Plaintiff and/or its agents.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

20. That if Plaintiff's cargo suffered any loss or damage, which Sea Trade denies, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of Sea Trade, and Sea Trade is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. §1304(2)(Q).

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

21. This case should be dismissed pursuant to the terms and conditions of its bill of lading that requires all actions to be filed in the State of California whether state or federal court in Los Angeles, California..

## CROSS-CLAIM

### AS AND FOR THEIR CROSS-CLAIM AGAINST DEFENDANT CHINA OCEAN SHIPPING CO., LTD. DEFENDANT SEA TRADE INTERNATIONAL, INC. ALLEGES AS FOLLOWS:

21. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in paragraphs "1" to "21" inclusive of this Answer to Plaintiff's Complaint with the same force and effect as if herein set forth at length.

22. If there was any loss or damage to the shipment referred to in the Complaint, which is denied, and said loss or damage caused any liability to Defendant Trade, then the said liability was brought by Defendant China Ocean Shipping Co., Ltd.'s negligence and/or breach

of contract and/or breach of warranties, implied or expressed, and by reason thereof, Defendant Sea Trade is entitled to full indemnity and/or contribution from Defendant China Ocean Shipping Co., Ltd., for its loss and damage including reasonable counsel fees and expenses.

WHEREFORE, Defendant Sea Trade prays that the Complaint against it be dismissed and its cross-claim be granted, and that the Court may grant such other or further relief as may be just and proper.

Dated: New York, New York
January 4, 2008

> Respectfully submitted,
>
> CICHANOWICZ, CALLAN, KEANE,
> VENGROW & TEXTOR, LLP
> Attorneys for Defendant Sea Trade International, Inc.
>
> By: / s / Stephen H. Vengrow
>     Stephen H. Vengrow (SHV/3470)
> 61 Broadway, Suite 3000
> New York, New York 10006
> (212) 344-7042

TO:    McDermott & Radzik, LLP
Attorneys for Plaintiffs
Wall Street Plaza
88 Pine Street – 21st Floor
New York, NY 10005-1801
Attn: Edward C. Radzik, Esq.

Freehill Hogan & Maher
80 Pine Street
New York, NY 10005-1759
Attn: James L. Ross, Esq.

## CERTIFICATE OF SERVICE BY ECF AND BY REGULAR U.S. MAIL

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On January 4, 2008, I served a complete copy of **Defendant Sea Trade International, Inc.'s Answer with Crossclaim** by ECF to the following attorneys at their ECF registered address and by regular U.S. mail at the following addresses:

> McDermott & Radzik, LLP
> Attorneys for Plaintiffs
> Wall Street Plaza
> 88 Pine Street – 21st Floor
> New York, NY 10005-1801
> Attn: Edward C. Radzik, Esq.
>
> Freehill Hogan & Maher
> 80 Pine Street
> New York, NY 10005-1759
> Attn: James L. Ross, Esq.

                                              / s / Patrick Michael Decharles, II
                                                Patrick Michael DeCharles, II (PMD/9984)

Dated: January 4, 2008
        New York, New York