20-08/ROSS

FREEHILL HOGAN & MAHAR, LLP
Attorneys for CHINA OCEAN SHIPPING CO., LTD.
80 Pine Street
New York, New York 10005
(212) 425-1900

James L. Ross (JR 6411)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

| | |
|---|---|
| MATSUOKA REIZO CO., LTD., | ECF Case |
| Plaintiff, | 07 CV 10297 (VM) |
| - against – | |
| SEA TRADE INTERNATIONAL, INC. and CHINA OCEAN SHIPPNIG CO., LTD., | **ANSWER TO COMPLAINT** |
| Defendants. | |

-------------------------------------------------------------

Defendant, CHINA OCEAN SHIPPING CO., LTD. (hereinafter "COSCO"), by

its attorneys Freehill Hogan & Mahar, LLP, answering the Complaint of the Plaintiff

herein, alleges upon information and belief, as follows:

FIRST:     Admits that this is an admiralty and maritime claim within the

meaning of Rule 9(h), but except as so admitted, denies the remaining allegations

contained in Paragraph "FIRST" of the Complaint.

SECOND:     Denies knowledge or information sufficient to form a belief with

respect to the allegations contained in Paragraph "SECOND" of the Complaint.

THIRD:     Admits that Defendant COSCO is a corporation or other entity

organized and existing under and by virtue of the law, but except as so admitted, denies

NYDOCS1/304951.1

knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph "THIRD" of the Complaint.

FOURTH:    Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph "FOURTH" of the Complaint.

FIFTH:    Admits that on or about February 4, 2007, the vessel SUEZ CANAL BRIDGE received a container CRXU5252066 on board at Tacoma, Washington, allegedly containing frozen prawns, which was transported to Tokyo, Japan, pursuant to the terms of the relevant ocean bills of lading, but as so admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph "FIFTH" of the Complaint.

SIXTH:    Admits that the vessel SUEZ CANAL BRIDGE arrived at the port of destination and that the aforementioned container was delivered, but except as so admitted, denies the remaining allegations contained in Paragraph "SIXTH" of the Complaint.

SEVENTH:    Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph "SEVENTH" of the Complaint.

EIGHTH:    Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph "EIGHTH" of the Complaint.

NINTH:    Admits demand and non-payment, but except as so admitted, denies the remaining allegations contained in Paragraph "NINTH" of the Complaint.

## FIRST DEFENSE

TENTH:    The Complaint fails to state a claim against Defendant COSCO upon which relief may be granted.

NYDOCS1/304951.1                          2

## SECOND DEFENSE

ELEVENTH:       Under the terms and conditions of certain contracts of carriage, which govern the rights and liabilities of the parties herein, the Defendant COSCO is not liable.

## THIRD DEFENSE

TWELFTH:   Any liability of the Defendant COSCO, which is denied, is limited in an amount by the terms of the contracts of carriage and the United States Carriage of Goods by Sea Act ('COGSA"), 46 U.S.C. §1300 *et seq.*

## FOURTH DEFENSE

THIRTEENTH:       If any loss and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was not caused by or contributed to by the Defendant COSCO, and such damage was not sustained by the shipment while in the care, custody or control of the Defendant COSCO.

## FIFTH DEFENSE

FOURTEENTH:       If any shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was caused by or contributed to by the Plaintiff or others over whom Defendant COSCO has no control and for whom it has no liability.

NYDOCS1/304951.1                              3

## SIXTH DEFENSE

FIFTEENTH:          The shipment referred to in the Complaint was allegedly

received, loaded and carried pursuant to the terms of certain bills of lading.  Under the

terms of said contracts, the Defendant COSCO is not liable or its liability is limited.

## SEVENTH DEFENSE

SIXTEENTH:          If any loss or damage to the goods, as alleged in the

Complaint occurred, such loss or damage arose or resulted from excepted causes under

COGSA or the act or neglect of third-parties over whom the Defendant COSCO has no

control and for whom it has no liability.

## EIGHTH DEFENSE

SEVENTEENTH:      The Complaint should be dismissed pursuant to a foreign

forum selection clause agreed to in the bill of lading contract of carriage.  Clause 26 of

the bill of lading provides:

26 LAW AND JURISDICTION

(1) This bill of lading is governed by the laws of the Peoples
Republic of China.  All disputes arising under or in
connection with this Bill of Lading shall be determined by the
laws of the Peoples Republic of China and any action against
the carrier shall be brought before the Shanghai Maritime
Court or other Maritime Court in the Peoples Republic of
China, as the case may be.

EIGHTEENTH:        In the event that the Plaintiff can prove damages,

Defendant COSCO maintains that the Plaintiff failed to mitigate these damages.

**WHEREFORE,** Defendant COSCO demands judgment dismissing the Plaintiff's Complaint, with prejudice, together with the costs, disbursements and reasonable attorney fees and for such other and different relief as this Court may deem just and proper under the premises.

Dated:    New York, New York
          May 19, 2008

                                        FREEHILL, HOGAN & MAHAR LLP
                                        Attorneys for Defendant
                                        CHINA OCEAN SHIPPING CO., LTD.

                              By:       _____
                                        James L. Ross (JR6411)
                                        80 Pine Street
                                        New York, New York
                                        212-425-1900

TO:       McDermott & Radzik, LLP
          Attorneys for Plaintiff Matsuoka Reizo Co., Ltd.
          Wall Street Plaza
          88 Pine Street, 21st floor
          New York, New York 10005
          Attn: Edward C. Radzik, Esq.


          Cichanowicz Callan Keane Vengrow & Textor
          Attorneys for Defendant SeaTrade International, Inc.
          61 Broadway
          Suite 3000
          New York, New York 10006
          Attention: Stephen H. Vengrow, Esq.

STATE OF NEW YORK      )
                                            )ss.:
COUNTY OF NEW YORK   )

I, LINDA L. URBANOWICZ, certify that:

I am not a party to the action, am over 18 years of age and have an office at 80 Pine Street, New York, New York 10005.  On May 19, 2008, I served the within **ANSWER TO COMPLAINT** upon:


McDermott & Radzik, LLP
Attorneys for Plaintiff Matsuoka Reizo Co., Ltd.
Wall Street Plaza
88 Pine Street, 21st floor
New York, New York 10005
Attn:  Edward C. Radzik, Esq.


Cichanowicz Callan Keane Vengrow & Textor
Attorneys for Defendant SeaTrade International, Inc.
61 Broadway
Suite 3000
New York, New York 10006
Attention:  Stephen H. Vengrow, Esq.


at the above address(es) designated by said attorney(s) for that purpose by electronic filing (ECF).

Linda L. Urbanowicz


Sworn to before me on this
19th day of May 2008.

NOTARY PUBLIC
MARTHA L. BROWN
Notary Public, State of New York
No. 01BR6067399
Qualified in Kings County
Certificate Filed in New York County
Commission Expires December 10, 2009

6